UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 11-cr-0381 (SRN/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Robert Allen Walker, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case came before the undersigned United States Magistrate Judge for a pretrial motion hearing on September 12, 2013. Benjamin F. Langner and David J. MacLaughlin, Assistant United States Attorneys, appeared on behalf of the United States of America. Aaron J. Morrison and Peter B. Wold appeared on behalf of Defendant Robert Allen Walker.

The case was referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court will address Defendant's dispositive motions in this Report and Recommendation and the parties' non-dispositive motions in a separate order.

I. **Defendant's Motions to Suppress Evidence Obtained in Violation of the Sixth Amendment**

Defendant filed two motions to suppress evidence obtained in violation of the Sixth Amendment (ECF Nos. 29 and 61). Through those motions, Defendant sought to suppress emails between Bixby Energy Systems Inc. employees and Bixby's legal counsel, as well as documents the Government obtained from Bixby's legal counsel. When Defendant filed the first motion, he had not had an opportunity to assess whether the documents were privileged or whether any

privilege had been waived. In Defendant's supplemental motion, he acknowledged that "[a] Deferred Prosecution Agreement was entered into on December 14, 2011, between the Government and Bixby Energy; the agreement undoubtedly acts as a waiver of the attorney-client privilege beginning December 14, 2011." (Def.'s Suppl. Mot. Suppress Evid. Obtained Violation Sixth Amend. at 1, ECF No. 61.) The purpose of Defendant's supplemental motion was to require the Government to produce a waiver for any materials received before December 14, 2011.

In response to both motions, the Government asserted that while an attorney-client privilege may have existed between Bixby and its attorneys, Defendant held no individual privilege as a former officer of the company. In addition, the Government cited *United States v. Leisure* for the proposition that a defendant "lack[s] standing to assert the infringement of a third party's sixth amendment rights." 844 F.2d 1347, 1359 (8th Cir. 1988) (citing *United States v. Peterson*, 698 F.2d 921, 924 (8th Cir. 1983)).

At the hearing on the motion, Defendant said he had reviewed the materials produced by the Government, and he conceded he had no standing to invoke the attorney-client privilege. Defendant asked for an opportunity to bring a new motion, however, if further review revealed legal advice of a personal nature. Based on Defendant's representation at the hearing, the Court recommends that the motions to suppress evidence obtained in violation of the sixth amendment be denied. Should Defendant discover legal advice of a personal nature, the Court will permit Defendant to file a new motion.

## II.    Defendant's Motion to Suppress Evidence

In Defendant's other motion to suppress evidence, Defendant originally sought to suppress evidence obtained by the Securities and Exchange Commission (SEC), to the extent the

SEC was working in cooperation with the Department of Justice (DOJ) during the SEC's investigation. Defendant relied on *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977), and *United States v. Grunewald*, 987 F.2d 531 (8th Cir. 1993), to argue that the Government may not use a civil investigation for the purpose of obtaining evidence for a criminal case.

After Defendant had an opportunity to review the SEC documents, he conceded at the motion hearing that the SEC and DOJ investigations were not inappropriately intertwined. Based on this concession, the Court recommends that Defendant's motion to suppress evidence obtained from the SEC be denied.

### III. Defendant's Motion for a Bill of Particulars or to Dismiss

Defendant moved for a bill of particulars or, alternatively, to dismiss Counts 14, 15, and 16 from the Second Superseding Indictment. The Government filed a Bill of Particulars on September 19, 2013 (ECF No. 77), which rendered Defendant's motion moot. Consequently, the Court recommends that the motion be denied as moot

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence Obtained in Violation of the Sixth Amendment (ECF No. 29) be **DENIED**;

2. Defendant's Motion to Suppress Evidence (ECF No. 30) be **DENIED**;

3. Defendant's Motion for a Bill of Particulars and/or Motion to Dismiss (ECF No. 57) be **DENIED AS MOOT**; and

4. Defendant's Supplemental Motion to Suppress Evidence Obtained in Violation of the Sixth Amendment (ECF No. 61) be **DENIED**.


Dated: September 30, 2013

                                        s/ *Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 15, 2013**. A party may respond to the objections within fourteen days of the objections being filed. Any objections or responses filed under this rule shall not exceed 3,500 words. The district judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the district judge is not required to review a transcript of the hearing in order to resolve the objections, the party making the objections shall timely order and cause to be filed within fourteen days a complete transcript of the hearing.