UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 11-381 (SRN/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| Robert Allen Walker, | |
| Defendant. | |

David J. MacLaughlin and Benjamin F. Langner, United States Attorney's Office 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff

Peter B. Wold and Aaron J. Morrison, Wold Morrison Law, 247 Third Avenue South, Minneapolis, Minnesota 55415, and Ryan M. Pacyga, Pacyga & Associates, P.A., 247 Third Avenue South, Minneapolis, Minnesota 55415, on behalf of Defendant Robert Allen Walker

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham, dated December 4, 2013 [Doc. No. 105]. In the R&R, Magistrate Judge Graham recommends that this Court deny the following motions: Defendant's Motion to Suppress Emails [Doc. No. 95], Defendant's Motion to Suppress Search of Residence [Doc. No. 96], and Defendant's Motion to Strike [Doc. No. 97]. Defendant filed timely objections to the R&R ("Objections" [Doc. No. 124].) The Court has reviewed de novo those portions of the R&R to which Defendant objects, as required

1

by 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b)(3).  Based on that review, the Court overrules Walker's objections and adopts Magistrate Judge Graham's R&R.

I.     **DISCUSSION**

Upon the filing of an R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Crim. P. 59(b)(2); D. Minn. LR 72.2(b); see also 28 U.S.C. § 636(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  Johnson v. Homeownership Pres. Found., No. 09-CV-600 (JRT/JSM), 2010 WL1050333, at *2 (D. Minn. Mar. 18, 2010) (quoting Mayer v. Walvatne, No. 07-CV-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)).

While Defendant timely filed "objections" to the R&R, his Objections merely state that Defendant, "in order to preserve the legal issues, objects to the Magistrate Judge's [R&R]."  (Objections at 1 [Doc. No. 124].)  Defendant simply relies on his previously submitted motions and memoranda in support of his Objections.  (Id.) Walker's Objections fail to specify those portions of the R&R to which he objects.  He provides no legal rationale in support of his position that the Court should reject the R&R.  Likewise, his Objections fail to identify any error in the magistrate judge's analysis.  Finding Walker's Objections [Doc. No. 124] inadequate, the Court overrules them.

Even under a de novo review of the entire R&R on the merits, however, the Court finds that the magistrate judge properly analyzed Defendant's motions and recommended

that they be denied. In the R&R, Magistrate Judge Graham recommended that Walker's motion to suppress evidence seized pursuant to an August 28, 2013 search warrant concerning everyone.net be denied. (R&R at 1-5 [Doc. No. 105].) Magistrate Judge Graham properly considered whether the warrant established sufficient probable cause to conduct the search and seizure and whether the supporting affidavit established a sufficient nexus between the items to be seized and the alleged criminal behavior. (Id. at 2) (citing Brinegar v. United States, 338 U.S. 160, 176 (1949); Illinois v. Gates, 462 U.S. 213, 238 (1983); Warden v. Hayden, 387 U.S. 294, 307 (1967); United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000)). Magistrate Judge Graham found that the warrant affidavit established probable cause regarding the crimes of criminal contempt, wire fraud, and witness tampering, as well as the requisite nexus between the alleged criminal behavior, the email account, and particular emails. (Id.) Accordingly, the magistrate judge recommended the denial of Defendant's motion to suppress evidence seized pursuant to this warrant. (Id. at 5.) Applying the same legal analysis, Magistrate Judge Graham also recommended the denial of Defendant's motion to suppress evidence seized pursuant to a September 11, 2013 search warrant of his residence. (Id. at 6-8.) The magistrate judge's analysis of these motions was proper.

Finally, the magistrate judge denied Defendant's motion to strike from Paragraph 16 of the Third Superseding Indictment any references to alleged violations of civil securities laws. (Id. at 9-11.) Magistrate Judge Graham found that the language in question was not "surplusage" subject to being stricken pursuant to Fed. R. Crim. P. 7(d),

but was, instead, language relevant to the charges of mail and wire fraud.  (Id. at 9.) Specifically, the magistrate judge found that the language detailed the actions comprising Defendant's alleged fraudulent scheme and Defendant's knowledge of the scheme.  (Id.) In addition, the magistrate judge observed that the language in Paragraph 16 also serves the purpose of informing the Defendant of the details of the charges against him, aiding him in preparing a defense.  (Id. at 10) (citing United States v. Garrett, 797 F.2d 656, 665 (8th Cir. 1986)).

The magistrate judge further noted that to the extent that Walker found the allegations in Paragraph 16 potentially prejudicial, the District Court would be in the best position to address Defendant's concerns at trial.  (Id. at 10-11.)  Subsequently, Defendant filed a motion in limine seeking to exclude any references at trial to civil securities violations [Doc. No. 109].  As the Government agreed that a limiting instruction on this issue would be appropriate, the Court denied without prejudice Defendant's motion in limine.   The Court finds that the magistrate judge's analysis of Defendant's motion to strike was proper and that any potential prejudice to Defendant may be cured with a limiting instruction.

Accordingly, the Court adopts the R&R in its entirety and overrules Defendant's objections.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

    1.    The Report and Recommendation ("R&R") of Magistrate Judge Jeanne J.

Graham, dated December 4, 2013 [Doc. No. 105] is **ADOPTED**;

2. Defendant's Motion to Suppress Emails [Doc. No. 95] is **DENIED**;

3. Defendant's Motion to Suppress Search of Residence [Doc. No. 96] is **DENIED**;

4. Defendant's Motion to Strike [Doc. No. 97] is **DENIED**; and

5. Defendant's objections to the R&R [Doc. No. 124] are **OVERRULED**.

Dated:   January 3, 2014

s/Susan Richard Nelson<br>SUSAN RICHARD NELSON<br>United States District Court Judge