**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>Robert Allen Walker,<br><br>Defendant-Petitioner. | Case No. 0:11-cr-00381 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gregory G. Brooker, United States Attorney, David J. MacLaughlin and Benjamin F. Langner, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Plaintiff-Respondent.

Robert Allen Walker, Reg. No. 16193-041, FMC Lexington, P.O. Box 14500, Lexington, KY 40512, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

Defendant-Petitioner Robert Allen Walker ("Walker") brings a pro se motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. No. 248] ("Pro Se Mot."). The Government opposes Walker's motion. (Government's Resp. to Def.'s Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. No. 255].) Based on a review of the file, record, and proceedings therein, and for the reasons set forth below, the Court denies the motion.

1

## II. BACKGROUND

Walker is the former president, CEO, and chairman of the board of Bixby Energy Systems ("Bixby"). On December 20, 2011, Walker was indicted of conspiracy to commit mail and wire fraud arising from the actions he took at the head of Bixby. (Indictment [Doc. No. 1].) In superseding indictments, he was also charged with mail fraud, wire fraud, witness tampering, and tax evasion. (Third Superseding Indictment [Doc. No. 86].) At trial, the Government presented evidence that Walker induced vulnerable victims to invest with—and to remain invested with—his company by making materially false statements about his own business experience, about the imminence of Bixby going public, and about the commercial viability of Bixby's products. (*See* Tr. Vol. XXVII [Doc. No. 236], at 5574-77.) Walker was also charged with overpaying himself and his family members and claiming improper business expenses from the nearly $60 billion that victims invested in the company. (*See* Tr. Vol. XX [Doc. No. 229], at 4472, 4484-89, 4595-96.)

In proceedings before this Court, Walker was represented by retained counsel, attorneys Aaron Morrison, Peter Wold, and Ryan Pacyga. On March 5, 2014, a jury found Walker guilty on all counts: four counts of aiding and abetting mail fraud, eight counts of aiding and abetting wire fraud, one count of conspiracy to commit mail and wire fraud, one count of witness tampering, and three counts of tax evasion. (Jury Verdict [Doc. No. 173].) Walker was sentenced to 300 months of imprisonment to be followed by three years of supervised release. (Sentencing J. [Doc. No. 202].)

Walker filed a direct appeal to the Eighth Circuit Court of Appeals, arguing that the Government did not present sufficient evidence to support his conviction, and also that this

Court erred in calculating the loss caused by his fraud crimes and in assessing a two-level sentence enhancement for abuse of a position of trust. *United States v. Walker*, 818 F.3d 416 (2016). The Eighth Circuit affirmed on March 25, 2016. *Id.* at 419. On March 24, 2017, Walker filed a motion under 28 U.S.C. § 2255 to set aside, vacate, or correct his sentence. (Pro Se Mot.)

### III. DISCUSSION

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255 generally affords relief, it is only available in limited circumstances. The Eighth Circuit has held that:

> "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." . . . [A petitioner] may not raise a constitutional issue in the first instance on collateral review "without establishing both cause for the procedural default and actual prejudice resulting from the error."

*Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The petitioner bears the burden of proof as to each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

3

In his § 2255 motion, Walker claims: (1) that the Government presented insufficient evidence to convict him, (2) that the Court improperly calculated the fraud loss for his sentencing, (3) that the Court improperly assessed a two-level sentence enhancement for abuse of a position of trust, (4) that he received ineffective assistance of counsel, and (5) that he was the victim of prosecutorial misconduct. (*See* Pro Se Mot.; Pro Se Reply to Resp. to Mot. [Doc. No. 259] ("Reply").)

### A. Sufficiency of the Evidence

Walker argues that the Government did not introduce sufficient evidence to prove that he acted with actual intent to defraud, a necessary element for the charged fraud crimes. (Pro Se Mot., at 18-20.) Walker further argues that the Government did not produce sufficient evidence to prove that he intended to influence a witness in his case and that he failed to claim kickbacks as income on his tax returns. (*Id.* at 24-25, 30.)

Walker has already raised these arguments on direct appeal and they were decided by the Eighth Circuit Court of Appeals. *Walker*, 818 F.3d at 419-22. Because a petitioner cannot use collateral review under § 2255 to relitigate issues decided on direct appeal, Walker's claim based on the sufficiency of the evidence is not cognizable here. *See English v. United States*, 998 F.2d 609, 612 (8th Cir. 1993) ("[Petitioner] cannot use a section 2255 petition to collaterally attack the sufficiency of the evidence in his case, an issue resolved on direct appeal.").

Even if the Court could properly consider the sufficiency of the evidence claim, Walker's argument is based entirely on his version of events, which contradicts the testimony of several witnesses and which the jury rejected after hearing him testify at trial.

4

(*See, e.g.*, Tr. Vol. IX [Doc. No. 218], at 1904-07, 1931-34 (DeSender testimony); Tr. Vol. XVI [Doc. No. 225], at 3576, 3587-88, 3594 (Bergeron testimony); Tr. Vols. XXIII-XXV [Doc. Nos. 232-234] (Walker testimony); Jury Verdict.) "As credibility determinations are for the jury, they are 'virtually unassailable on appeal.'" *United States v. Vickers*, 528 F.3d 1116, 1120 (8th Cir. 2008) (quoting *United States v. Alama*, 486 F.3d 1062, 1065 (8th Cir. 2007)). "Viewing the evidence in the light most favorable to the jury verdict," Walker's sufficiency argument also fails on the merits. *Alama*, 486 F.3d at 1065.

## B. Sentencing Issues

Walker argues that the Court erred in calculating the loss caused by his fraud. (Pro Se Mot., at 11-17, 27-34.) He asserts that actual loss and intended loss cannot be properly calculated, so the only viable loss calculation is Walker's actual gain. (*Id.* at 27-34.) Walker further argues that the Government did not meet its burden of showing the number of victims and loss amount by reliable evidence.[1] (*Id.* at 11-17.) Finally, Walker argues that he did not hold a position of trust in his role at Bixby, and that the Court erred in assessing a sentence enhancement for abuse of a position of trust. (*Id.* at 35-36.)

Two of these arguments were raised and decided in the direct appeal. The Eighth Circuit affirmed this Court's determination that actual loss was the appropriate measure of

---

[1] Walker attempts to couch this argument in an ineffective assistance of counsel claim, by arguing that his counsel should have objected to the presentence investigation report, which Walker asserts "simply regurgitated" trial testimony that did not meet the Government's burden to provide reliable evidence of loss. (Pro Se Mot., at 11.) But Walker's counsel did challenge the presentence investigation report on several grounds in the defense's sentencing briefing. (*See* Position of Def. Robe[r]t Walker with Respect to Sentencing [Doc. No. 197], at 1-6.) Some of defense counsel's objections to the presentence investigation report were sustained. (*See* Sentencing Hearing [Doc. No. 240], at 4-5.)

5

fraud loss in this case. *Walker*, 818 F.3d at 422-23. The Eighth Circuit also affirmed the consideration of a sentence enhancement for abuse of a position of trust, concluding that the Government had demonstrated that Walker "used his controlling corporate trust position to conceal his massive fraud offenses." *Id.* at 423. Walker cannot now relitigate these arguments in a collateral appeal. *See Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) ("With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal.").

The remaining sentencing argument, that the Government did not meet its burden to prove the number of victims and fraud loss by reliable evidence, is not cognizable here. Collateral review under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal." *Walking Eagle*, 742 F.3d at 1081-82. The sentencing guidelines—and any enhancement to the guidelines' recommended sentence range based on fraud loss—are advisory. *Gall v. United States*, 552 U.S. 38, 46 (2007). Thus Walker's sentencing argument does not concern a constitutional right. Further, Walker provides no reason why this argument could not have been raised in his direct appeal to the Eighth Circuit. Accordingly the Court will not address it. *See Walking Eagle*, 742 F.3d at 1082.

**C. Ineffective Assistance of Counsel**

Walker argues that he received ineffective assistance of counsel during his trial. (Pro Se Mot., at 4-7; Reply, at 58-59.) Petitioners are typically permitted to raise claims of ineffective assistance of counsel for the first time on a § 2255 motion. *See Walking Eagle*, 742 F.3d at 1082. Within the context of § 2255, to establish ineffective assistance of

6

counsel, a movant must satisfy the "heavy burden" of the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Apfel*, 97 F.3d at 1076. Under *Strickland*, "a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). Meeting the first part of *Strickland* requires proof that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second element requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Walker argues that the assistance of his counsel was deficient in three ways. First, Walker argues that his counsel should have presented evidence to the jury concerning the malfunction of Bixby's product after it was delivered to a client in China. (Pro Se Mot., at 4-7.) Second, Walker argues that his counsel should have called a prisoner named Jerry Greenfield to contradict the testimony of Dennis DeSender, one of the Government's key witnesses, with whom Greenfield had previously been incarcerated. (Reply, at 37, 58-59.) Finally, Walker argues that his counsel should have paid a forensic accountant to independently review Bixby's financial records. (*Id.* at 59.)

A key fact of the Government's case against Walker is that he attracted prospective investors to Bixby and lulled existing investors by falsely representing that Bixby had developed, or was very close to developing, a machine that could profitably convert coal into natural gas and carbon byproduct. (*See* Tr. Vol. XXVII, at 5575-76; Tr. Vol. X [Doc. No. 219], at 2063, 2069, 2073, 2107-13.) The Government produced evidence that this

7

"coal-gasification" system that Walker advertised was never fully developed and that Bixby never produced a reasonably operational coal-gasification machine. (*Id.*) Rather, the only full-sized coal-gasification machines that Bixby produced were tested by prospective Chinese clients, and did not work. (Tr. Vol. XV [Doc. No. 224], at 3288-90.) Walker maintains that the machines tested in China did not work because of failures by Global Partners United ("GPU"), a company that acted as a middle-man between Bixby and Chinese clients, to employ reputable engineers for installation and to provide the necessary ancillary equipment. (Pro Se Mot., at 4-7.) His counsel's failure to introduce this evidence to the jury, Walker maintains, was a deficiency that prejudiced his case. (*Id.*)

Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." *Strickland*, 466 U.S. at 690. Here, Walker's argument does not overcome that presumption. Even if Walker's description of GPU's actions in China is accurate, the Government presented substantial evidence that the machine did not work consistently at any point in Bixby's existence. (*See* Tr. Vol. X, at 2063, 2069, 2073, 2107-13; Tr. Vol. XV, at 3290.) This evidence included a statement by Walker indicating that he knew the machine did not work at the same time that he was authorizing a press release stating that the machine was ready for market. (Tr. Vol. X, at 2216-22.) Thus, even if GPU had followed the procedures that Walker alleges it defied, the record provides little reason to believe that the machine would have worked. The jury could still reasonably conclude that Walker intentionally misled investors about Bixby's development of the coal-gasification technology. Walker's counsel

would have been reasonable to conclude that blaming GPU for the machine's failure in China would not help Walker's case.

Walker also asserts that his counsel should have called a prisoner named Jerry Greenfield to contradict Dennis DeSender's testimony, and that his counsel should have hired a forensic accountant to investigate Bixby's financial records.[2] (Reply, at 37, 58-59.) "The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (quoting *United States v. Davidson*, 122 F.3d 531, 538 (8th Cir. 1997)); *see also Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). Other than his bare assertion that Greenfield told Walker that "what DeSender said on the stand was the exact opposite of what he had told [Greenfield]," Walker provides no meaningful support for this argument. (Reply, at 37.) More significantly, Walker provides no argument that the witness's testimony would be admissible. By all appearances, Greenfield's purported testimony would amount to speculation, because he had no personal knowledge of the events, and hearsay, because he would be called to testify to an out-of-court statement by DeSender for the truth of the matter asserted. *See* Fed. R. Evid. 602, 801(c), 802. Further, Walker himself testified that DeSender's testimony was untruthful. (*E.g.* Tr. Vol. XXIII, at 5164-67.) Greenfield's

---

[2] Both of these grounds for ineffective assistance of counsel were first raised in Walker's reply memorandum. Raising new grounds for relief in a reply memorandum is improper under the Local Rules of this Court. *See* D. Minn. R. 7.1(c)(3)(B) ("A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.") Nevertheless, in light of Walker's pro se status, the Court considers these additional grounds for relief.

9

testimony, even if it were admissible, would have been somewhat duplicative of Walker's testimony. Thus, the Court does not find that Walker's counsel's decision not to call this witness rendered their representation deficient.

Finally, Walker's argument that his counsel should have hired a forensic accountant to independently examine Bixby's financial records is meritless. The Government called Theresa Johnson, a Revenue Agent and Certified Fraud Examiner as an expert, to explain Bixby's financial records at trial. (Tr. Vol. XX, 4444-597.) The cross examination of Johnson did not challenge the credibility of her testimony. (*Id.* at 4581-95.) This argument, too, fails to overcome the presumption that Walker's counsel provided adequate assistance. *See Strickland*, 466 U.S. at 690.

### D. Other Arguments

Finally, Walker claims that he was the victim of prosecutorial misconduct. He asserts that the prosecutors in his case intimidated and improperly influenced witnesses, failed to turn over exculpatory evidence, and maliciously prosecuted Walker instead of the "true crooks" at Bixby. (*See* Reply, at 51-55.) Walker did not raise this argument in his direct appeal, and provides no reason that he was unable to do so. Accordingly, this argument is not cognizable in a § 2255 petition. *See, e.g.*, *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

### E. Right to an Evidentiary Hearing, Request for Sentencing Transcript, and Certificate of Appealability

A petitioner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to

no relief." 28 U.S.C. § 2255(b). A petition can be dismissed without a hearing if "(1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). The Court finds that Walker's allegations are contradicted by the record and inherently incredible, and it denies Walker's request for an evidentiary hearing.

Walker has moved for the production of the transcript from his sentencing hearing, stating that "[t]he documentation is necessary to surpass any criticism of conclusory statements or statements without proof." (Mot. for Produc. of Sentencing Hr'g Trs. and Disc. Docs. [Doc. No. 244], at 3.) As described above, Walker's sentencing argument in this § 2255 petition fails because of procedural default, not because of a failure to plead specific allegations or a failure to provide proof. Accordingly, the Court denies the motion. *See United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979) ("[A] prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and . . . constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case.").

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered

whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a Certificate of Appealability.

## IV. ORDER

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant-Petitioner Robert Allen Walker's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence [Doc. No. 248] is **DENIED**;

2. Defendant-Petitioner Robert Allen Walker's pro se motion for production of sentencing hearing transcripts and discovery documents [Doc. No. 244] is **DENIED**; and

3. A Certificate of Appealability is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 27, 2017                **s/Susan Richard Nelson**
                                       SUSAN RICHARD NELSON
                                       United States District Court Judge